UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY HAYES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:06CV1259 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Anthony Hayes' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#1]. For the reasons set forth below, the motion will be denied.

**I.     Background**

On June 3, 2005, Hayes pled guilty to one count of conspiracy to distribute and possess with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 846. In the plea agreement Hayes specifically agreed to waive his right to "contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [§ 2255], except for claims of prosecutorial misconduct or ineffective assistance of counsel."

On September 1, 2005, I entered a Judgment against Hayes and sentenced him to 87 months imprisonment. Hayes did not file an appeal.

**II.     Grounds for Relief**

In his § 2255 motion, Hayes raises two grounds for relief:

(1)     His attorney was ineffective for failing to challenge the two-point enhancement under the United States Sentencing Guidelines 2D1.1(b)(1) for his possession of a weapon during the drug conspiracy; and

(2) 21 U.S.C. § 841(b)(1)(A) and (B) are unconstitutional because Hayes had a right to have a jury determine whether or not his sentence should have been enhanced for possessing the weapon during his drug trafficking crime.

## III. Analysis

### A. *An Evidentiary Hearing is not Warranted*

An evidentiary hearing need not be held if Hayes' "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For the reasons stated below, Hayes' allegations do not rise to the level that would require the Court to hold an evidentiary hearing.

### B. *Hayes Waived his Right to Attack His Sentence in a § 2255 Motion Except for Ineffective Assistance of Counsel or Prosecutorial Misconduct*

Because he waived his right to attack his sentence under the terms of the plea agreement, Hayes is not entitled to relief on Ground two of his motion.[1] "Unless expressly reserved . . . the right to appellate relief under Booker is among the rights waived by a valid appeal waiver, even if the parties did not anticipate the Blakely/Booker rulings." United States v. Fogg, 409 F.3d 1022, 1025 (8th Cir. 2005). In the plea agreement context, the Court does not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights."

---

[1] Hayes has not argued -- and there is no evidence to suggest -- that his waiver is unknowing and involuntary and therefore invalid, and I find no miscarriage of justice would result in enforcing it. See DeRoo, 223 F.3d 919 (8th Cir. 2000); United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992). Even if he had not waived his right to bring this claim, it would be procedurally defaulted because he failed to raise it on direct appeal and has alleged nothing to avoid the procedural bar. See Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005). Finally, it is meritless, as sentencing factors need not be pleaded in the indictment or put to a jury. See United States v. Reeves, 410 F.3d 1031, 1035 (8th Cir. 2005).

DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000).

In this case, Hayes agreed to waive his rights to attack his sentence in a § 2255 motion. As a result, Ground Two of the motion must be denied. I will, however, address Hayes' claim that his attorney was ineffective.

C. *Hayes has not Shown that His Attorney was Ineffective*

To state a claim for ineffective assistance of counsel, Hayes must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. at 689. Second, Hayes "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Hayes argues that his attorney was ineffective for failing to object to the two-point enhancement for his possession of a weapon during the conspiracy. At the time of the guilty plea, Hayes' attorney informed me that he wished to leave open until sentencing the issue of whether his client possessed a weapon, even though the plea agreement contained the facts upon which the two-point enhancement was based. The plea agreement states:

On June 10, 2004, defendant had a conversation with Adrian Minnis regarding a

> previous drug transaction. Defendant was arranging to meet with Adrian Minnis to make a payment for heroin. Defendant indicated in the call that he was carrying a firearm.

At issue was Hayes' reference to his possession of a "thumper," a common street term for a weapon. After reviewing the transcript and listening to the tape, Hayes' attorney decided that he could not object to the factual statement that Hayes indicated that he was carrying a gun.

At sentencing, the following discussion about the Presentence Investigation Report, which recommended a two-level enhancement for possession of a weapon, was held on the record between Hayes' attorney and me:

> COUNSEL: Judge, there was something that I had brought to the Court's attention at the original time of the plea, and that was as to whether or not the two-level upward adjustment for possession of a weapon was, in fact, something that the Court should consider. Since that time, I was provided with the transcript and the opportunity to listen to the tape in which it's clear that the reference is made to a "Thumper," and that's the language on which it's based at some point Mr. Hayes had a weapon in his possession. So, factually, I believe it's correct that at some point during the conspiracy he possessed a weapon, but I would just ask the Court to consider the fact that it was not used and that it may very well just have been talk between him and the other fellow in order to keep the other fellow from thinking that he was an easy mark or something of that nature.
>
> COURT: But you don't object to the factual statements?
>
> COUNSEL: I can't object, Your Honor. I've heard the tape and seen the transcript.

Hayes was given then given the opportunity to address the Court and made no objection to or reference to the two-point enhancement. I then adopted the statements of fact contained in the

presentence report and sentenced Hayes to 87 months imprisonment, which was on the low end of the guidelines range and in accordance with the plea agreement. Under these circumstances, without Hayes' objection and in light of the uncontraverted facts counsel was not ineffective for failing to pursue a meritless objection. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994). Because the two-level enhancement properly applied to Hayes' case, see e.g. United States v. Kinshaw, 71 F.3d 268, 270 (8th Cir. 1995); United States v. Granados, 962 F.2d 767, 772-73 (8th Cir. 1992), his claim for ineffective assistance of counsel fails. Ground One of Hayes' § 2255 motion must be denied.

As Hayes has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a Certificate of Appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Anthony Hayes to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Hayes has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of April, 2008.